**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **YU-WEN CHIU, ET. AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-12275** |
| **CHARLES EDWARD LINCOLN, III, ET. AL.** | **SECTION "B"(1)** |

## ORDER AND REASONS

Considering Plaintiffs' Yu-Wen Chiu and Chih-Yang Hu (hereinafter, the "Hu Plaintiffs") "Motion to Remand for Lack of Subject Matter Jurisdiction" (Rec. Doc. 9),

**IT IS ORDERED** that the Hu Plaintiffs' Motion to Remand (Rec. Doc. 9) is **GRANTED.** This case is remanded to the First City Court of New Orleans for eviction proceedings, where it originated as civil action no. 17-08413.

**FACTS AND PROCEDURAL HISTORY**

The Hu Plaintiffs and Defendant Charles Edward Lincoln, III ("Defendant Charles III") executed a lease agreement on April 6, 2017, where Charles III would reside at the Hu Plaintiff's 228 Walnut Street property in New Orleans, Louisiana (the "Property"). Rec. Docs. 1 and 9. According to the parties, Third-Party Defendant Jill Jones-Soderman ("Soderman") represented that she would pay the rent pursuant to Defendant Charles III's employment with her organization. *Id*. Soderman, however, is not a party to the lease agreement. *Id*. Defendant Charles III moved into the Property on or

1

about April 8, 2017. Rec. Doc. 9-1 at 3. A few months later, in August 2017, Soderman informed the Hu Plaintiffs and Defendant Charles III that she would no longer pay rent as she was terminating her employment relationship with Defendant Charles III. Rec. Docs. 9-1 and 9-2. Upon said information, the Hu Plaintiffs offered Charles III early termination of his lease. Rec. Doc. 9-2. Charles III declined the Hu Plaintiff's offer. Rec. Doc. 9-2. After about three months of non-payment, the Hu Plaintiffs initiated eviction proceedings in state court against Charles III for his failure to pay rent pursuant to the lease agreement. Rec. Docs. 1 and 9. This case was removed by Defendant Charles Edward Lincoln, III ("Charles III") from state court on November 13, 2017. Charles III removed the instant case, citing 28 U.S.C. §§ 1334, 1452 as grounds for federal jurisdiction. Rec. Doc. 1.

Specifically, Defendant Charles III asserts that this Court has jurisdiction because the subject lease between him and the Hu Plaintiffs was part of a "grand bankruptcy and general financial rehabilitation program" to which Soderman agreed "to underwrite" pursuant to a "plan of long-term collaboration and partnership." Rec. Doc. 1 at 1-3. Charles III also vaguely asserts federal jurisdiction based on alleged "related cases" already in federal court, referencing civil action nos. 16-12650 in Bankruptcy Court and 17-11111 in this Court.

**LAW AND ANALYSIS**

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)(citing 28 U.S.C. § 1441(a)).

> The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (per curiam); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

*Id.* In addition to the above, federal courts may raise the issue of subject matter jurisdiction even if the parties have not raised the issue themselves. *Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996).

Defendant Charles III cites 28 U.S.C. §§ 1334, 1452 as grounds for removal. Section 1334 provides that:

> (b) . . . the district courts shall have original but not exclusive jurisdiction of all civil proceedings **arising under title 11, or arising in or related to cases under title 11**.

28 U.S.C. § 1334 (2005). Section 1452 provides that:

> (a) [a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452 (1990). However, contrary to Defendant Charles III's contentions, neither of these statutes support removal of the Hu Plaintiffs' eviction action to federal court.

Defendant Charles III filed a voluntary petition for Chapter 11 Bankruptcy on October 26, 2016. *See United States Trustee v. Charles Lincoln III*, No. 16-12650 (Bankr. E.D.La. 2016)(hereinafter referred to as, "Bankr. No. 16-12650"). However, on December 22, 2016—almost a year before Charles III's removal of the instant eviction proceedings—his cited bankruptcy action was converted *sua sponte* to a Chapter 7 Bankruptcy. Bankr. No. 16-12650, Rec. Doc. 46. Also relevant here is the fact that Charles III signed the lease in controversy in April of 2017—almost *six months* after he filed for bankruptcy. Further, the Hu Plaintiffs are not listed as creditors in the Bankruptcy action. As a result,

4

Charles III's beliefs that this Court has jurisdiction because the lease was part of some grand bankruptcy rehabilitation plan are entirely misled and inaccurate.

The Fifth Circuit has already spoken to what constitutes "related to" or "arising under" a bankruptcy proceeding. Arising under refers to proceedings "that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *In Matter of Galaz*, 665 F. App'x 372, 375 (5th Cir. 2016). A matter is related to a bankruptcy proceeding where "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Matter of Wood*, 825 F.2d 90, 93 (5th Cir. 1987).

As a result, this action is neither related to nor does it arise under Charles III's bankruptcy proceedings. Furthermore, his bankruptcy petition was converted to a Chapter 7, where there is no plan of reorganization. It follows that no federal court, i.e., district court or the Bankruptcy Court, has subject matter jurisdiction over the state court eviction filed by the Hu Plaintiffs.

**Notwithstanding the above findings of a lack of subject matter jurisdiction, the interests of justice require this eviction action be timely adjudicated in State court.**

New Orleans, Louisiana, this 29th day of May, 2018.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE